## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT
## ROME DIVISION

CAROLYN ITO,                                                    Civil Action File No.

      Plaintiff,

v.

WALMART, INC. & SAM'S EAST, INC.
d/b/a SAM'S CLUB STORE NO. 4802,

      Defendants.

_____/

### **NOTICE OF REMOVAL**

COME NOW WALMART, INC. and SAM'S EAST, INC., named Defendants in the above-captioned matter, by and through their counsel of record, within the time prescribed by law, and file this Notice of Removal, showing the Court as follows:

1.

The above-named Plaintiff filed suit against Defendants Walmart, Inc. and Sam's East, Inc. in the State Court of Paulding County, Georgia, which is within the Rome Division of this Court 28 U.S.C.A. § 90 (a)(2).  Said lawsuit is styled as above and is numbered as Civil Action File No. 23-SV-000094. Plaintiff's claim against Defendants includes claims of negligence.

2.

Plaintiff filed her Complaint on or about March 24, 2023. Defendants Walmart, Inc. and Sam's East, Inc. received service of summons and copies of the Complaint on April 11, 2023. Walmart, Inc. and Sam's East, Inc. filed their Answer on April 24, 2023.

3.

On April 24, 2023, Defendants Walmart, Inc. and Sam's East, Inc. timely filed a Notice of Removal, asserting complete diversity and that the amount in controversy exceeded $75,000, based on allegations in Plaintiff's Complaint of personal bodily injury and past medical expenses of $41,000. (Case No. 4:23-cv-00079, D-1) On May 12, 2023, Plaintiff filed a Motion to Remand.  Plaintiff did not dispute complete diversity, but argued that Defendants had not met their burden to establish that the amount in controversy exceeded $75,000. (Case No. 4:23-cv-00079, D-7).

4.

On June 21, 2023, this Court's Order to Remand agreed with Plaintiff, stating that the "assertion [of medical expenses of $41,000] alone is enough evidence to support removal." (Case No. 4:23-cv-00079, D-9, p. 4) The Order also noted Defendant's argument that "pleadings lacking detail should not be a means Plaintiff can utilize to avoid being subjected to the jurisdiction of this

Court" (Case No. 4:23-cv-00079, D-9, p. 4), and the Order specifically stated that the Court recognized the right of Defendant to remove the case at a later date should more information be provided in discovery. (Case No. 4:23-cv-00079, D-9, p. 5)

5.

Walmart, Inc. and Sam's East, Inc. file this second Notice of Removal within thirty (30) days of receipt by Defendants of Plaintiff's Counsel's January 19, 2024 email, providing Plaintiff's supplemental discovery responses showing medical expenses in the amount of $73,298 with a supporting Special Damages Itemization,  (Copy of email and its attachment are hereto as Exhibit "A") from which it first ascertained that the case became removable. 28 U.S.C.A. § 1446.

6.

Defendant WALMART INC. is a Delaware corporation with its principal place of business in the State of Arkansas. Defendant WALMART INC. was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of said lawsuit, or at any time thereafter.

7.

SAM'S EAST, INC. is an Arkansas corporation with its parent corporation being  Walmart, Inc. formerly known as Wal-Mart Stores, Inc.  Walmart, Inc. is a Delaware corporation with its principal place of business in the State of

Arkansas, and it was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of this lawsuit or at any time thereafter. The principal place of business for all entities mentioned in this paragraph is 708 SW 8th Street, Bentonville, AR  72716. Defendant SAM'S EAST, INC. was not a citizen of the State of Georgia at the time of or immediately prior to the filing and service of said lawsuit, or at any time thereafter.

8.

Plaintiff Carolyn Ito is a citizen of the State of Georgia.

9.

Complete diversity of citizenship exists between Plaintiff and Defendants.

10.

Plaintiff claims injuries to her neck, low back, hips and shoulder; and past medical expenses of $73,298; (Exhibit "A"), thereby meeting the jurisdictional requirement for federal subject matter jurisdiction.    See Lowery v. Alabama Power Co., 483 F.3d 1184, 1262 n.62 (11th Cir. 2007) (quoting 28 U.S.C. § 1446(b)); Addo v. Globe Life & Accident Ins. Co., 230 F.3d 759, 761–62 (5th Cir.2000); Williams v. Safeco Ins. Co., 74 F.Supp.2d 925, 929 (W.D.Mo.1999); Southern Ins. Co. of Virginia v. Karrer, Civil Action No. 3:10–CV–84 (CAR), 2011 Westlaw 1100030 (M.D.Ga. Mar. 22, 2011); Golden Apple Management Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.Ala. 1998); Jackson v. Select

Portfolio Servicing, 651 F.Supp.2d 1279, 1281 (S.D.Ala. 2009); Barlow v. Variety Wholesalers, Civil Action No. 5:14-CV-375 (WLS) (M.D.Ga. Dec. 17, 2014); Devezin v. Wal-Mart Stores East, LP, Civil Action No. 1:134-CV-3721 (CAP) (N.D.Ga February 20, 2015); Peterman v. Wal-Mart Stores, Civil Action No. 1:13-cv-91 (WLS), 2013 Westlaw 5210188 (M.D.Ga. Sept. 13, 2013); Farley v. Variety Wholesalers, Civil Action No. 5:13-CV-52 (CAR), 2013 Westlaw 1748608 (M.D.Ga. April 23, 2013). The amount in controversy, exclusive of interest and costs, exceeds $75,000.

11.

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441, based on complete diversity of citizenship between Plaintiff and Defendants.

12.

Pursuant to the provisions of 28 U.S.C. § 1446, Defendants have attached as Exhibit "B" copies of all the pleadings that were provided to and served upon Defendants, including copies of all pleadings that have been filed to date in the State Court of Paulding County, Georgia for the above-styled case.

13.

Pursuant to 28 U.S.C. § 1446, Defendants are not required to file a removal bond.

14.

Written notice of the filing of this Notice of Removal will be given to all parties as required by 28 U.S.C. § 1446.

15.

A true and correct copy of this Notice of Removal will be filed with the Clerk of the State Court of Paulding County, Georgia, as required by 28 U.S.C. § 1446.

WHEREFORE, Defendants Walmart, Inc. and Sam's East, Inc. pray that the above-captioned lawsuit be removed to the United States District Court for the Northern District of Georgia, Rome Division.

McLAIN & MERRITT, P.C.

_____
Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendants
WALMART, INC.
SAM'S EAST, INC.

The undersigned counsel certifies that the foregoing Notice of Removal has been prepared with one of the font and point selections approved by the court in LR 5.1B.

  /s/ Jennie E. Rogers
Jennie E. Rogers

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on January 29, 2024, I electronically filed a **<u>NOTICE</u>** **<u>OF REMOVAL</u>** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.


McLAIN & MERRITT, P.C.

_____

Jennie E. Rogers
Georgia Bar No. 612725
Attorney for Defendants
WALMART, INC.
SAM'S EAST, INC.

3445 Peachtree Road, N.E., Suite 500
Atlanta, GA  30326
(404) 365-4576
(404) 364-3138 (fax)
jrogers@mmatllaw.com